Merrimack,
No. 6071.

ROBERT W. UPTON

*v.*

SHERMAN W. SALTMARSH.

December 30, 1970.

*Upton, Sanders & Upton* and *J. Gilbert Upton* ( *Mr. J. Gilbert Upton* orally ), for the plaintiff.

*Sherman W. Saltmarsh* ( by brief and orally ), pro se.

GRIMES, J. This action in trespass was tried before a Referee ( *Charles J. Flynn,* Esq. ) who found the boundary line between

the property of the parties was so located that timber had been cut and removed from plaintiff's land by defendant's authorization and recommended a verdict for plaintiff in the amount of $275.62. The Court ( *Grant, J.* ), after entering an order in accordance with the report, transferred defendant's various exceptions here. The value of the timber cut in the disputed area is not in dispute, but defendant claims that the evidence does not support the finding that the disputed area belonged to the plaintiff. We hold that it does.

The property in question is woodland located in Bow, New Hampshire. The parties own adjoining property and the dispute involves the location of the common boundary between them. The plaintiff's land lies to the west of that of the defendant. The two parcels were, in 1856, owned as one parcel by Aaron and John B. Baker. These men divided the property between themselves in 1858, John taking the westerly part and Aaron taking the easterly part. Aaron conveyed the easterly part of his half to one Corliss, one of defendant's predecessors in title, in 1860 and in 1864 conveyed the westerly part of his tract back to John and by various conveyances the title came to the plaintiff. The part conveyed to Corliss is stated to be ten acres, more or less.

It appears that this ten-acre triangular piece conveyed to Corliss was later included in the description of a larger tract conveyed in 1893 by Stevens to Sidlinger, defendant's predecessor in title. This larger tract finally came into possession of the defendant. In the Stevens deed, however, there is a reservation of twenty-five acres, more or less, described as follows: "Also reserving all wood and timber land west of a line described as follows: beginning at a pine tree at the end of a stone wall by the brook; thence southerly by said brook, one-half the distance across the land of said Baker; thence southerly by a line of spotted trees to a hemlock at the corner of land of said Baker at a spotted hemlock tree, being 25 acres, more or less." This twenty-five-acre piece finally was conveyed to the plaintiff.

Plaintiff's surveyor, whose testimony was relied on by the referee, started his survey at the easterly end of defendant's land at Knox Road at a corner of walls and followed a stone wall and various other monuments for a distance of 100 rods to a pointed stone in a circle of stones. This distance coincides with the description of the boundary of defendant's land which was

stated to be about 100 rods to a stake and stones. The sur-
veyor then found and followed a line of spotted trees for sixty
rods where he found stones and the remains of an old wire
fence. In the center of the stones, he found what was left of an
old stake. The sixty-rod distance was as stated as the second
course in the description of defendant's land which ends at a
stake and stones. The witness testified that he was able to con-
tinue along northerly a distance of about seventy-five rods
where he found a stone wall and a brook which ran northerly,
along which were remnants of a wire fence and a line of spot-
ted trees of the same vintage as those formerly mentioned. He
stated this line of spotted trees compared favorably with the
description of the twenty-five-acre reservation in the deed from
Stevens to Sidlinger and that it was his opinion that the line
of spotted trees marked the boundary between the respective
lots of the parties. It is undisputed that the northerly part of
this line of spotted trees is the line established in the twenty-
five-acre reservation contained in the Stevens-Sidlinger deed.
It should be noted that this line ended at the Baker corner.
The referee was persuaded by this evidence, and we cannot say
that the evidence compelled a different finding.

This is not to say that there was no evidence to the con-
trary. Defendant relied primarily on the description of the ten-
acre plot conveyed by Baker to Corliss which he argues
forms a part of the southwesterly corner of his land. The de-
scription of this ten-acre tract begins at its northeasterly
boundary and runs westerly from a stake and stones by land
of Parker forty-one rods to a stake and stones, thence north
four rods to a stake and stones, thence northerly by Par-
ker land about forty rods, thence southerly by Baker land a-
bout forty-six rods to a stake and stones at land of Morgan
and thence to the point of beginning. Defendant contends that
in running the northerly line of this tract, he came upon stone
arrangements, which he said had been used through centuries
to surround stakes, forty-one rods west of his beginning point
and that another such arrangement of stones was found four
rods north of the first. This he argues is the four-rod jog in
the northerly boundary of the Corliss description. He argues
that the westerly boundary is forty rods westerly of this four-
rod jog which would place a bound considerably to the west of
that which is claimed by the plaintiff and would give defend-
ant ownership of the disputed area where the cutting occurred.

It is defendant's contention that there are no other bounds anywhere in the area which could mark the four-rod jog.

However, if defendant's contention were accepted, the southerly boundary of his lot would be 142.76 rods or 134 rods in length, depending on whose measure is accepted, instead of about 100 rods as stated in his deed. The resolution of these conflicts is for the trial court and not for this court ( *Rautenberg* v. *Munnis*, 108 N.H. 20, 226 A.2d 770 ( 1967 )) and since we cannot say that the evidence favorable to the defendant's contentions is so overwhelming that no reasonable person could come to a contrary conclusion, the findings of the referee must stand.

Defendant moved that the case be referred back to the referee because of an addition in the description in a copy of one of the deeds. The addition was the inclusion of the words " at Seth Morgan's land " following the description of one of the lines. The addition was not one which would have affected the result reached and the motion is denied.

*Exceptions overruled.*

Duncan, J., did not sit; the others concurred.